**Ethel B. BRADY, Appellant,**

v.

**Mary Jane JOHNSON, Appellee.**

No. 12165.

Court of Civil Appeals of Texas, Austin.

July 17, 1974.

Rehearing Denied Aug. 14, 1974.

Terry L. Scarborough, Gibbins & Spivey, Austin, for appellant.

John H. Coates, Mary Joe Carroll, Clark, Thomas, Denius, Winters & Shapiro, Austin, for appellee.

SHANNON, Justice.

This appeal concerns an effort by appellant, Ethel B. Brady, to avoid a release of her claim for damages arising from an automobile collision. The district court of Travis County entered a summary judgment against appellant and in favor of appellee, Mary Jane Johnson. We will affirm that judgment.

In December of 1972, appellant was involved with appellee in a two-car collision in Hays County in which appellant sustained personal injuries and damage to her automobile. About two months later she was approached by an adjuster of Allstate Insurance Company. She accepted a draft from the insurance company for $950.00 and she signed "some papers" which constituted a full release of her claim against appellee for her damages arising from the collision. Appellant did not negotiate the draft, but instead her attorney returned it to the insurance company.

In March of 1973, appellant filed suit against appellee for damages arising from the collision. After answering, appellee filed her motion for summary judgment asserting the release in bar to appellant's cause.

Appellant filed an amended petition in which she named the insurance company as a defendant, and alleged that the release was "fraudulently secured" and prayed that the release be set aside for fraud in the inducement so that she might proceed in her negligence suit against appellee. In the alternative, appellant prayed that if the release were not set aside, she would show that she had been deprived of a "valid and existing cause of action for personal injuries and property damage" against appellee, resulting in her damage for which she sued the insurance company.

Appellant then filed her answer to the motion for summary judgment, the essence of which was that appellant's release was fraudulently secured. Appellant supported her answer to appellee's motion by her affidavit and that of her attorney. The substance of her affidavit was that in February of 1973, she was approached by a man who said that he was the "insurance man" for Mary Jane Johnson. That person asked for and received the details of the automobile collision. He also asked her how much she owed for the car, what her hospital bills were, and how much time she had lost from work. The "insurance man" then told appellant that $950.00 was all the money that "they" could give her and asked if she would accept the check. He said further that he had "some papers" for her to sign, but he did not tell her that she was signing a release. Appellant did not know that she had signed a release. Within a few days she gave the draft to her attorney, who returned it to the insurance company.

Upon hearing and argument, the court granted appellee's motion for summary judgment to the effect that the release barred appellant's cause of action against appellee.

Appellant attacks the judgment by two points of error: (1) the court erred "in granting *Defendant, Allstate Insurance Company,* a Summary Judgment because no Motion for Summary Judgment was filed by the insurance company" (Emphasis added), and (2) the court erred "in granting Defendant, Mary Jane Johnson's Motion for Summary Judgment because, as a

matter of law, there existed genuine issues of fact as to one or more essential elements of Plaintiff's cause of action."

The short answer to appellant's first point is that the court did *not* enter a summary judgment for "Defendant, Allstate Insurance Company," but instead entered that judgment for appellee, Mary Jane Johnson. The amended motion for summary judgment granted by the court was filed by appellee, Mary Jane Johnson. That fact is borne out by the preamble of that pleading which reads: "COMES NOW *Mary Jane Johnson,* defendant in the above styled and numbered cause, and . . . hereby moves this Honorable Court to enter its order granting this defendant a summary judgment on the following grounds . . ." (Emphasis added) Furthermore, the transcript does not show that Allstate Insurance Company had been served, or that it had made an appearance in the cause at the time of the entry of the summary judgment.

■ As we understand the second point and its related discussion, appellant claims that her summary judgment raised proof issues of fact supporting her plea of fraud, and that, as a result, the court erred in granting the summary judgment. In a summary judgment proceeding wherein the motion is supported by extrinsic evidence sufficient to establish facts which, if proved at trial, would entitle the movant to an instructed verdict, the opponent must show opposing evidentiary data which will raise an issue as to a material fact. Allen v. Western, Alliance Insurance Co., 162 Tex. 572, 349 S.W.2d 590 (1961), Sparkman v. McWhirter, 263 S.W.2d 832 (Tex. Civ.App.1953, writ ref'd), Ryan v. Collins, 496 S.W.2d 205 (Tex.Civ.App.1973, writ ref'd n. r. e.).

■ A release, like any other contract, may be canceled if induced by fraud. Page v. Baldon, 437 S.W.2d 625 (Tex.Civ. App.1969, writ ref'd n. r. e.). To establish fraud it must appear: (1) that a material representation was made; (2) that it was false; (3) that, when the representation was made, the speaker knew it was false or that he made it recklessly without any knowledge of its truth and as a positive assertion; (4) that the speaker made the representation with the intention that it should be acted upon by the party; (5) that the party acted in reliance upon the representation; and, (6) that the party thereby suffered injury. Panhandle & Santa Fe Ry. Co. v. O'Neal, 119 S.W.2d 1077 (Tex.Civ.App.1938, writ ref'd).

Appellee pleaded the release in bar to appellant's suit for personal injuries. Appellee's summary judgment proof established the release which, absent any response from appellant, would have been sufficient, as a matter of law, to bar appellant's cause. To avoid the release appellant pleaded fraud in the inducement, and supported that allegation in the summary judgment proceeding by the affidavits already described.

■ We are of the opinion that appellant's summary judgment proof failed to raise an issue of fact concerning an essential element of fraud in the inducement. The only representation of fact made by the adjuster about which appellant complains is that he told her that $950.00 was all that "they" could give her. We understand that expression as a statement of the maximum settlement authority of the adjuster to settle appellant's claim. To support her pleading of fraud, it was incumbent upon appellant to produce some evidence that the adjuster's statement was false. Panhandle & Santa Fe Ry. Co. v. O'Neal, *supra.*

As there was no summary judgment proof raising an issue of fact concerning the falsity of the adjuster's statement, the judgment of the district court is affirmed.