**AMERICAN IMAGINATION CORP. OF TEXAS, dba Chelsea Street Pub, Appellant,**

v.

**W. R. PIERCE & ASSOCIATES, INC., Appellee.**

No. 6955.

Court of Civil Appeals of Texas, El Paso.

May 28, 1980.

Rehearing Denied June 25, 1980.

Santiesteban, Kennedy & Martin, Robert E. Kennedy, Hardie, Armstrong, Sergent, Hardie & Ryan, William B. Hardie, Jr., El Paso, for appellant.

Studdard, Melby, Schwartz, Crowson & Parrish, Frank Harren, Brainerd S. Parrish, Esteban A. Aguilar, El Paso, for appellee.

## OPINION

OSBORN, Justice.

W. R. Pierce & Associates, Inc. (Pierce) filed suit against American Imagination Corp. of Texas (AICT) to recover the balance due and owing under the terms of a written lease agreement covering two ice machines. Pierce obtained a summary judgment for $2,830.50 plus attorney's fees of $600.00. We affirm.

These parties entered into a lease agreement under which AICT agreed to pay Pierce $6,793.20 over a period of thirty-six months. The lease specifically required AICT to keep the leased equipment in "first-class condition and repair." After Pierce sued on the written lease agreement, AICT answered with a general denial. Pierce then filed request for admissions of fact and a motion for summary judgment. Attached to the motion is a copy of the lease, an affidavit of W. R. Pierce as to the default and amount due, and an affidavit as to attorney's fees. AICT filed an answer to the motion for summary judgment, and asserted the contract was procured by fraud and that it was null and void. Attached was the affidavit of Lee R. Williams, a former manager of the Chelsea Street Pub which was operated by AICT. He states that representations were made by agents of Pierce to AICT, before the lease was signed, that Pierce would repair the leased ice machines, that they failed to do so and

AICT had to hire others to do this service. He also stated AICT relied on the representation from Pierce, and would not have entered the agreement if said representation had not been made.

Appellant's first point of error asserts error in granting summary judgment because there existed a genuine issue of material fact. It is argued that fraud vitiates an otherwise valid contract and that the affidavit of Mr. Williams raises a fact issue as to this defense. The Appellee contends that the parol evidence rule prohibits consideration of the affidavit and, further, that since the only answer was a general denial, a defense required to be pled by Rule 94, Tex.R.Civ.P., cannot be considered.

Certainly, the parol evidence rule, a rule of substantive law, prohibits evidence of a prior or contemporaneous agreement which contradicts or changes the express terms of a written agreement. *Benson v. Jones*, 578 S.W.2d 480 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n. r. e.); 2 Ray, *Texas Law of Evidence*, sec. 1634 (3d ed. 1980). But, the rule will not prevent the use of oral testimony to establish fraud or mutual mistake. *Santos v. Mid-Continent Refrigerator Company*, 471 S.W.2d 568 (Tex.1971); *Ross v. Stinnett*, 540 S.W.2d 493 (Tex.Civ.App.—Tyler 1976, no writ); 2 Ray, *Texas Law of Evidence* supra, sec. 1661. Even though the answer only contained a general denial, if the response to the motion for summary judgment raises an issue of fraud, the motion must be denied because under the holding in *Womack v. Allstate Insurance Company*, 156 Tex. 467, 296 S.W.2d 233 (1956), and in *Insurance Company of North America v. Cash*, 475 S.W.2d 912 (Tex.1971), summary judgment may not be based upon a pleading defect of the non-moving party. Therefore, we must determine if the affidavit of Mr. Williams raises the defense of fraud as urged in the answer to the motion for summary judgment.

We recognize that fraud, where established, vitiates an otherwise apparently valid contract. *Texas & Pac. Ry. Co. v.*

*Cassaday,* 148 S.W.2d 471 (Tex.Civ.App.— Fort Worth 1941, writ dism'd jdgmt. cor.). The essential elements to be established were noted in *Brady v. Johnson,* 512 S.W.2d 359 (Tex.Civ.App.—Austin 1974, no writ), where the Court said:

> To establish fraud it must appear: (1) that a material representation was made; (2) that it was false; (3) that, when the representation was made, the speaker knew it was false or that he made it recklessly without any knowledge of its truth and as a positive assertion; (4) that the speaker made the representation with the intention that it should be acted upon by the party; (5) that the party acted in reliance upon the representation; and (6) that the party thereby suffered injury. *Panhandle & Santa Fe Ry. Co. v. O'Neal,* 119 S.W.2d 1077 (Tex.Civ.App.1938, writ ref'd).

The affidavit does not assert or purport to establish "(3) that, when the representation was made, the speaker knew it was false or that he made it recklessly without any knowledge of its truth and as a positive assertion." Unless each element of the defense is raised by some evidence which would be admissible upon the trial of the case, the defense is not raised and it will not prevent the entry of a summary judgment. *Seale v. Nichols,* 505 S.W.2d 251 (Tex.1974). Point of Error No. One is overruled.

The last point asserts the trial Court erred in entering judgment for attorney's fees because the general denial raised a genuine issue of material fact. All of the cases relied upon by the Appellant were decided prior to the 1978 amendment to Rule 166–A which now provides in part in paragraph (c) as follows:

> A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, or of an expert witness as to subject matter concerning which the trier of fact may be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.

The affidavit was made by a licensed attorney. It asserts he has spent ten hours on the case at an hourly rate of $60.00, and it further states that $600.00 is a reasonable fee in this case. The response to the motion for summary judgment does not assert otherwise, and no contest was made in the trial Court on the issue of attorney's fees. We believe under the holding in *Fantastic Homes, Inc. v. Combs,* 596 S.W.2d 502 (Tex. 1979), the issue of the sufficiency of the evidence on this issue may be raised without a response on this specific issue of the case. Having considered the facts set forth in the affidavit, and the opinion as to reasonableness asserted by the affiant, we conclude the evidence is sufficient for summary judgment purposes, and Point of Error No. Two is overruled.

The judgment of the trial Court is affirmed.