

# NUMBER 13-18-00565-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MARCOS MONTALVO
A/K/A JOSE MARCOS MONTALVO,                     Appellant,

v.

MANUEL GUERRA AND ROSITA GUERRA,               Appellees.

## On appeal from the 206th District Court
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Perkes**
**Memorandum Opinion by Justice Hinojosa**

Appellant Marcos Montalvo a/k/a Jose Marcos Montalvo, proceeding pro se, appeals the trial court's summary judgment in favor of appellees Manuel and Rosita Guerra (the Guerras) on their claims for breach of contract, common law fraud, and violations of the Texas Property Code and Texas Deceptive Trade Practices Act (DTPA).

*See* TEX. BUS. & COM. CODE ANN. §§ 17.46, 17.50, 27.01; TEX. PROP. CODE ANN. §§ 5.077(c), 5.085(c). By three issues, which we interpret as two, Montalvo asserts the trial court erred when it: (1) granted the Guerras' motion for summary judgment, and (2) struck his attorney's notice of appearance. We affirm.

## I. BACKGROUND

On January 12, 2011, Montalvo and the Guerras entered into an agreement for the sale of real property located at 2514 Ridley Street in Donna, Texas (the Ridley property). The total price for the Ridley property was $78,000. The Guerras paid $7,500 as a down payment to Montalvo, and an additional $2,800 for home modifications. The Guerras then financed the remainder of the purchase price, agreeing to pay $577.93 per month for a twenty-five-year term. In the agreement, Montalvo warranted that he had "good and legal title to said property, full authority to sell said property, and that said property [would] be sold by warranty deed free and clear of all liens."

The Guerras timely paid Montalvo their monthly payments until they discovered that Montalvo lost his interest in the Ridley property prior to the sale. The Guerras learned that the Hidalgo County Sheriff's office had sold the Ridley property to a third party, TCPSP Corporation, at a county foreclosure sale in May of 2012. The Guerras alleged that they were then forced to negotiate a second contract for purchase of the Ridley property with TCPSP to remain in their home. According to the Guerras, the new contract did not account for their previous payments to Montalvo, resulting in economic losses.

On July 4, 2012, the Guerras filed a lawsuit in Hidalgo County district court against Montalvo alleging he failed to possess "good and legal title" to the Ridley property when

2

he sold it to them. The Guerras' causes of action included breach of contract, fraud, and violations of the property code and DTPA. *See* TEX. BUS. & COM. CODE ANN. §§ 17.46, 17.50, 27.01; TEX. PROP. CODE ANN. §§ 5.077, 5.085. They sought pecuniary damages, attorney's fees, mental anguish and exemplary damages for fraud, and pre-judgment interest, among other damages.

Montalvo filed for bankruptcy in federal court on February 26, 2016. The underlying district court case was stayed until November 23, 2016, when the bankruptcy court signed an agreed order modifying the stay to permit the underlying case to proceed. When the case became active again, the Guerras served discovery on Montalvo which included requests for admission. These requests for admission were mailed on February 9, 2018, February 26, 2018, and March 5, 2018, by certified mail, return receipt requested, but the mailings were returned as "unclaimed" and "not able to be forwarded" all three times. Finally, on March 16, 2018, the Guerras served the same discovery which was signed for on March 28, 2018. Montalvo failed to respond to requests for admission, though; therefore, said requests were deemed admitted. *See* TEX. R. CIV. P. 198.2.

The Guerras subsequently filed a no-evidence motion for summary judgment on April 17, 2018. The no-evidence summary judgment motion challenged all of Montalvo's affirmative defenses, such as accord and satisfaction, consent, duress, estoppel, assumption of risk, failure of consideration, release, illegality, and laches. The Guerras also filed a traditional motion for summary judgment on May 8, 2018 wherein they alleged that they were entitled to judgment on their claims for breach of contract, fraud, and violations of the DTPA and property code.

On July 17, 2018, attorney Antonio Martinez, Jr. filed a notice of appearance to represent Montalvo in the district court case. The Guerras responded with a combined motion to strike or motion to show authority. In their motion, the Guerras pointed out that Martinez had not "obtained or even sought bankruptcy court permission to represent [Montalvo] in this case," as required by federal bankruptcy law. The trial court granted the Guerras' motion on July 24, 2018, and Montalvo proceeded pro se.

The trial court granted the Guerras' no-evidence motion for summary judgment on all of Montalvo's affirmative defenses on July 31, 2018. Two days later, on August 2, 2018, the trial court granted the Guerras' traditional motion for summary judgment on all of their claims and awarded damages in the amount of $258,240.64.

Montalvo filed a motion for new trial and an amended motion for new trial. On September 7, 2018, the trial court denied the amended motion for new trial. Montalvo appeals the trial court's granting of the traditional motion for summary judgment.[1]

## II. MOTION FOR SUMMARY JUDGMENT

### A. Standard of Review

We review de novo the trial court's ruling on a summary judgment motion. *Trial v. Dragon*, 593 S.W.3d 313, 316 (Tex. 2019); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). To prevail on a traditional summary judgment motion, the movants must establish that no genuine issues of material fact exist and that they are entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Amedisys, Inc. v. Kingwood Home Health Care, LLC.*, 437 S.W.3d 507, 511 (Tex. 2014).

---

[1] Montalvo does not challenge on appeal the trial court's granting of the no-evidence motion for summary judgment over his affirmative defenses.

Parties moving for summary judgment on their own claims must conclusively prove all essential elements of the claim. *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *see also* TEX. R. CIV. P. 166a(a) ("A party seeking to recover upon a claim . . . may, at any time after the adverse party has appeared or answered, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof"). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). If the movant does not satisfy its initial burden, however, the burden does not shift and the non-movant need not respond or present any evidence. See *Amedisys*, 437 S.W.3d at 511; *State v. Ninety Thousand Two Hundred Thirty–Five Dollars & No Cents in U.S. Currency ($90,235)*, 390 S.W.3d 289, 292 (Tex. 2013). This is because "summary judgments must stand or fall on their own merits, and the non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right." *Amedisys*, 437 S.W.3d at 511–12.

If the movants meet their burden, the burden then shifts to the nonmovants to raise a genuine issue of material fact precluding summary judgment. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam). To determine if the nonmovants have raised a fact issue, we review the evidence in the light most favorable to the nonmovants, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless

reasonable jurors could not. *Fielding*, 289 S.W.3d at 848 (citing *City of Keller*, 168 S.W.3d at 827). We indulge every reasonable inference and resolve any doubts in the nonmovants' favor. *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002).

## B.    Analysis

By his first issue, Montalvo challenges the trial court's granting of the Guerras' traditional motion for summary judgment. He makes three arguments in support of this contention: (1) the Guerras failed to conclusively establish the elements of their claims; (2) his general answer created a genuine issue of material fact; and (3) he was denied due process when the trial court granted the motion without a hearing.

First, Montalvo contends that "there were significant genuine issues of material fact on the allegations of breach of contract and the value of the alleged breach." Montalvo, however, presents no substantive argument or authority as to whether the Guerras' summary judgment evidence was insufficient to conclusively establish the elements of their claims. Further, he makes only one citation to the record in this part of his brief. "This court does not have a duty to review a voluminous record without guidance from the appellant to determine whether its assertion of reversible error is valid." *Keyes Helium Co. v. Regency Gas Servs., L.P.*, 393 S.W.3d 858, 861 (Tex. App.—Dallas 2012, no pet). Although Montalvo's brief does cite to certain portions of Manuel Guerra's deposition, that deposition is not included in any of the ten volumes of the clerk's record in this case.

"The right to appellate review in Texas extends only to complaints made in accordance with our rules of appellate procedure, which require an appellant to clearly

6

articulate the issues we will be asked to decide, to make cogent and specific arguments in support of its position, to cite authorities, and to specify the pages in the record where each alleged error can be found." *Armhein v. Bollinger*, 593 S.W.3d 398, 401 (Tex. App.—Dallas 2019, pet. denied). While we recognize that Montalvo is acting pro se and we must construe his appellate brief liberally, he must still comply with all applicable briefing rules. *See Sterner v. Marathon Oil Co.,* 767 S.W.2d 686, 690 (Tex. 1989). "An appellate court has no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error." *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). "Were we to do so, even on behalf of a *pro se* appellant, we would be abandoning our role as neutral adjudicators and become an advocate for that party." *Id.* (citing *Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex. App.—Amarillo 2003, pet. denied)). Here, because Montalvo makes insufficient arguments and citations to the record to support his assertion that the Guerras failed to conclusively establish the elements of their causes of action in their summary judgment motion, we conclude this argument has been inadequately briefed. *See* TEX. R. APP. P. 38.1(i) (providing that an appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record").

Second, Montalvo asserts that, "even assuming, merely for the purposes of argument, that the Guerras' motion did present uncontroverted proof that Montalvo breached the contract, Montalvo's general denial as to the allegations means that the question of the value of the alleged damages still exists." We disagree with Montalvo that his general answer to the Guerras' original petition created any genuine issues of material

7

fact. This is because Montalvo's general answer is not evidence. *See Laidlaw Waste Systems (Dall.), Inc. v. City of Wilner*, 904 S.W.2d 656, 660 (Tex. 1995) (noting that "generally, pleadings are not competent evidence, even if sworn or verified"); *Hidalgo v. Surety Sav. & Loan Ass'n*, 462 S.W.2d 540, 545 (Tex. 1971); *see also Hersh v. Tatum*, 526 S.W.3d 462, 470 (Tex. 2017) (J. Boyd, concurring) ("[P]leadings simply outline the issues; they are not evidence, even for summary judgment purposes."). Therefore, Montalvo's general answer and denial did not create a fact issue. *See* TEX. R. CIV. P. 166a(c); *see also Am. Imagination Corp. of Tex. v. W. R. Pierce & Assocs., Inc.*, 601 S.W.2d 147, 149 (Tex. App.—El Paso 1980, no writ) (holding that a general denial did not raise a genuine issue of material fact as to the reasonableness of fees claimed).

Third, Montalvo claims that the trial court's granting of the Guerras' motion for summary judgment denied him due process because it ruled on the motion prior to a hearing. In Montalvo's words, the trial court's ruling before conducting a hearing "prevented [him]. . . from presenting his case." However, we note that Montalvo filed a response to the summary judgment motion, thus granting him an opportunity to "present his case." Furthermore, the clerk's record reveals that the trial court gave notice to all parties that the motions for summary judgment would be heard by submission and not by hearing.

To the extent Montalvo failed to adequately brief this issue with a failure to cite the record or authority, we deem it waived. We overrule this issue.

### III. MOTION TO SHOW AUTHORITY

By his second issue, Montalvo argues the trial court erred when it struck his attorney's notice of appearance. We interpret this as a challenge to the trial court's granting of the Guerras' motion to show authority.

### A. Standard of Review & Applicable Law

In bankruptcy proceedings, court approval is required for the employment of professional persons by the trustee or debtor in possession. *See* 11 U.S.C. § 327(a); *see also Loomis v. Wallis & Short, P.C.*, No. B14-91-00821-CV, 1992 WL 296954, at *7 (Tex. App.—Houston [14th Dist.] Oct. 22, 1992, writ denied) (mem. op.) ("[b]ankruptcy court must give approval for the employment of a professional in a bankruptcy matter[ ]" and only the court "has the power to review and adjust the professional's compensation"). Specifically, § 327(a) provides that

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a); *see also Lemon v. Hagood*, 545 S.W.3d 105, 122 (Tex. App.—El Paso 2017, pet. denied) (commenting on the bankruptcy court's exclusive jurisdiction to employ attorneys and set their fees, even if the attorney works for the benefit of the debtor or estate in a state court). Generally, the court must authorize both the employment of the person and the services to be rendered prior to the performance of the services. *See In re Yeisley*, 64 B.R. 360, 362 (Bankr. S.D. Tex. 1986) (citing FED. R. BANKR. R. 2014).

9

A motion to show authority allows a party to argue before the trial court that a suit is being prosecuted or defended without permission. *See* TEX. R. CIV. P. 12. Appellate courts review a trial court's ruling on a motion to show authority for an abuse of discretion. *See Urbish v. 127th Jud. Dist. Court*, 708 S.W.2d 429, 432 (Tex. 1986); *In re Guardianship of Benavides*, 403 S.W.3d 370, 373 (Tex. App.—San Antonio 2013, pet. denied). A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to guiding rules or principles. *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011). A trial court also abuses its discretion by failing to analyze or apply the law correctly. *Id*. at 78; *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

**B.    Analysis**

It is undisputed that Montalvo was still in bankruptcy proceedings while the underlying district court case was pending. Accordingly, under federal law, Montalvo was required to obtain permission from the bankruptcy court before he engaged the services of an attorney to represent him in the state court matter. *See* 11 U.S.C. § 327(a); *Lemon*, 545 S.W.3d at 122. We note from the record that the trial court previously struck the notice of appearance filed by Montalvo's former counsel, Marcel C. Notzon, III, for the same reason: failure to show permission from the bankruptcy court to represent Montalvo. In that order, dated January 25, 2018, the trial court concluded that although Notzon had represented to the court that he "would file a request no later than November 8, 2017 with the Bankruptcy Court for authority to proceed . . . there [had] been NO evidence presented to this Court of such filing or ruling." Accordingly, the trial court ruled that Montalvo was a pro se defendant.

The same circumstances arose with the appearance of Martinez. Although Montalvo argues in his brief that attorney Martinez was representing him in a pro bono capacity, we find no authority, and Montalvo does not direct us to any, showing that an attorney may proceed in a pro bono capacity without first informing the bankruptcy court and obtaining permission to do so. Instead, the statute applies to whenever a debtor-in-possession "employs" an attorney to carry out the duties of a trustee. See 11 U.S.C. §§ 327(a), 1107(a).

Furthermore, Montalvo's reliance on the Fifth Circuit's opinion in *In Matter of Triangle Chemicals, Inc.* for the proposition that his attorney could also have applied to the bankruptcy court retroactively for permission to represent him, is misplaced. 697 F.2d 1280 (5th Cir. 1983). "The Fifth Circuit has observed that the standards set forth in Section 327 demand strict compliance." *In re Lyons*, 439 B.R. 401, 405 (Bankr. S.D. Tex. 2010) (citing *I.G. Petroleum, L.L.C. v. Fenasci (In re W. Delta Oil Co.)*, 432 F.3d 347, 355 (5th Cir. 2005)). "The applicant seeking to employ special counsel has the burden of proving that employment is proper." *Id*.

In light of these facts, we cannot say that the trial court abused its discretion when it struck Martinez's notice of appearance as Montalvo's counsel. The trial court did not act arbitrarily or unreasonably when it concluded that 11 U.S.C. § 327(a) required Montalvo to gain the permission of the bankruptcy court before having Martinez serve as his counsel in state court. *See Iliff*, 339 S.W.3d at 78; *Walker,* 827 S.W.2d at 840. We overrule Montalvo's second issue.

## IV.   CONCLUSION

We affirm the judgment of the trial court.

LETICIA HINOJOSA
Justice

Delivered and filed the
17th day of December, 2020.