TOM GRAY, Chief Justice
The primary issue presented by this mandamus results from a pattern of events that recurs all too frequently. A default judgment is granted. A motion for new trial is filed. At the hearing or in a letter, the trial court announces that the motion for new trial is granted and that an order will be signed, frequently assigning the drafting responsibility to the prevailing party on the motion for rehearing. The time within which to sign a written order pursuant to the rules passes and the trial court's plenary jurisdiction comes to an end. The trial court then signs an order granting the new trial.
The timeline in this proceeding:
1. November 18, 2016-Trial court signed default judgment in favor of Johnson and against Kerens Care Center;
2. December 16, 2016-Motion for new trial timely filed ( TRCP 329b(a) );
3. February 1, 2017-Motion for new trial for judgment signed on November 18, 2016 overruled by operation of law ( TRCP 329b(c) );
4. February 9, 2017-Hearing on motion for new trial;
5. February 23, 2017-Trial court sends letter announcing ruling on motion for new trial;
6. February 27, 2017-Answer and sworn denial is filed;
7. March 2, 2017-Trial court's plenary power over a final judgment signed on November 18, 2016 for which a motion for new trial was overruled by operation of law on February 1, 2017, expires TRCP 329b(e) ;
8. March 10, 2017-Trial court signed an order granting the motion for new trial filed on December 16, 2016 from the judgment signed on November 18, 2016;
9. April 24, 2017-Motion to set aside the March 10, 2017 order was filed;
*742 10. July 6, 2017-Hearing held on Motion to set aside the March 10, 2017 order;
11. August 2, 2017-Motion to set aside the March 10, 2017 order was denied by a written order;
12. August 16, 2017-Motion for summary judgment filed;
13. October 11, 2017-Motion for summary judgment heard;
14. October 12, 2017-Judgment granting the motion for summary judgment was signed;
15. October 20, 2017-Petition for writ of Mandamus filed; and
16. October 21, 2017-Amended Petition for writ of mandamus filed.
There are two issues. The first issue is whether the trial court's February 23, 2017 letter satisfies Texas Rule of Civil Procedure 329b(c) 's requirement that a motion for new trial must be "determined by written order" signed during the period of the trial court's plenary power. The second issue is whether, because Johnson could have appealed the trial court's judgment signed on October 12, 2017, mandamus is unavailable because he had an adequate remedy at law. We will address the second issue first as it relates to our jurisdiction in the mandamus proceeding.
PROPRIETY OF RELIEF BY MANDAMUS
The real party in interest, Gruenepointe 1 Kerens, LLC, contends that mandamus is not the proper remedy for Johnson's complaint and that the letter signed by the trial court on February 23, 2017, is a valid order that continued the trial court's jurisdiction, therefore rendering the October 12, 2017 judgment valid. Gruenepointe specifically contends that because Johnson could have appealed from the October 12, 2017 judgment and did not, he has forfeited his opportunity to challenge the validity thereof by mandamus.
Mandamus relief is appropriate when a trial court issues an order after its plenary power has expired because the order issued is void. In re Brookshire Grocery Co. , 250 S.W.3d 66, 68-69 (Tex. 2008) (orig. proceeding); In re Sw. Bell Tel. Co. , 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding); In re Dickason , 987 S.W.2d 570, 571 (Tex. 1998) (orig. proceeding). Where an order is void, even if the order was appealable, the relator need not show he or she did not have an adequate appellate remedy. In re Sw. Bell Tel. Co. , 35 S.W.3d at 605 ; see In re Union Pac. Res. Co. , 969 S.W.2d 427, 428 (Tex. 1998) (orig. proceeding); Dikeman v. Snell , 490 S.W.2d 183, 186 (Tex. 1973) (orig. proceeding). These rules also apply when a trial court erroneously reinstates a case after its plenary power has expired. See Estate of Howley v. Haberman , 878 S.W.2d 139, 140 (Tex. 1994) (orig. proceeding); Buttery v. Betts , 422 S.W.2d 149, 151 (Tex. 1967) (orig. proceeding). Further, mandamus relief may be granted to set aside an order issued on the merits of a case after the trial court's plenary power expires. See In re Daredia , 317 S.W.3d 247, 250 (Tex. 2010) (orig. proceeding). Because mandamus is a proper remedy in a case which alleges that a judgment is void, we proceed to the merits of Johnson's complaints.
LETTER RULINGS AND FINALITY
The touchstone of the rule of law is that the result should be predictable. While we could engage in what would essentially be a law review article on the problems caused by so called "letter rulings," we find it unnecessary to do so. The bell-cow case in this area of the law is the 1982 Texas Supreme Court decision in Goff v. Tuchscherer. Goff v. Tuchscherer , 627 S.W.2d 397 (Tex. 1982). In a mere five paragraphs, the Court discussed: 1) its conflicts-based jurisdiction; 2) the facts *743 and holding in the court of appeals; 3) the facts and holding in another court of appeals decision; 4) the legal analysis and reason for the rule; and 5) the holding.
The opinion in Goff was certainly not the first to address the myriad of problems caused by informalities in the manner in which trial courts notify the parties of rulings on the never ending stream of motions and objections that trial courts rule upon. The problems include: 1) whether an objection was preserved by securing an adverse ruling; 2) whether a claim has been ruled upon before trial or is it still a pending claim that is waived if not presented to the fact finder; and the most common problem, 3) is it an order that impacts the appellate timeline either because it is a final judgment or because it granted a new trial. It is the second subset of the third type of problem with which we are confronted: Did the notice, a letter, impact the appellate timeline applicable to the previously signed, and otherwise final, default judgment?
Courts of appeals have faced a seemingly endless array of fact patterns after Goff . In the course of grappling with the recurring problem, some have looked for various factors to assist them in their analysis, primarily in determining the elements of a written order (style of the case, date, ruling, signed, etc.). Other courts have simply expressed the issue as whether the trial court intended the letter to be its formal ruling. The problem with either focus is that it is a disservice to the bench and bar, and therefore to the public, by focusing on subjective intent rather than the certainty of the ruling based on the content thereof, otherwise known as the four corners of the document-in this case the language used in the letter.
If a reviewing court must look outside the content of the letter to determine the intent of the trial court, we have destroyed the very object of the rule as expressed by the Goff Court. Goff tells us the importance of certainty in determining what this letter is.
The time from which one counts days for the appellate steps is that day on which the judge reduces to writing the judgment, decision, or order that is the official, formal and authentic adjudication of the court upon the respective rights and claims of the parties.
Goff v. Tuchscherer , 627 S.W.2d 397, 398 (Tex. 1982).
The "rules were adopted for the purpose of making more definite the time from which an appeal had to be perfected." Id. Thus if the "intent" of the trial court is not certain, the careful litigant must take steps to protect themselves from the uncertainty. Nevertheless, hard facts appear to have caused several courts of appeals to craft opinions that avoid the harsh results that might otherwise flow from a strict application of a clear rule. We will not.
The letter at issue in this proceeding is as follows and appears on the letterhead of the trial court. It is dated and addressed to counsel.
RE: Ralph David Johnson vs. Kerens Care Center (Cause No. D16-25148-CV) / Gruenepointe 1 Kerens, LLC's Motion to Set Aside Default Judgment And For New Trial
Dear Counsel:
Gruenepointe I Kerens, LLC's Motion to Set Aside Default Judgment And For New Trial is granted. The Court will sign an order consistent with this ruling when presented.
Sincerely,/s/James LagomarsinoDistrict Judge
*744 The letter is file stamped, but we have no way of knowing who tendered it for filing or why.
So, is this letter the type of "official, formal and authentic adjudication" referred to in Goff ? We find the reasoning and discussion by Justice Bea Ann Smith in Perdue v. Patten Corporation to be a full discussion of the relevant issues. See Perdue v. Patten Corp. , 142 S.W.3d 596 (Tex. App.-Austin, 2004, no pet). Justice Smith discusses some of the cases that preceded Goff . She then goes through a discussion of various cases subsequent to Goff that is very insightful and discusses the various factors that distinguish the cases from the one pending before her. We will follow her lead and rely upon her analysis but find it unnecessary to repeat that analysis herein.
We bear in mind the directive from Goff that "[letters] to counsel are not the kind of documents that constitute a judgment, decision or order from which an appeal may be taken[,]" Goff v. Tuchscherer , 627 S.W.2d 397, 398-399 (Tex. 1982), or, as in this case, the type of order that grants a new trial and otherwise eliminates the need to take an appeal. Moreover, if we examine the content of the letter, as was pivotal to the analysis and holding in Perdue , it tells us that another writing is anticipated. The letter in this proceeding states, "The Court will sign an order consistent with this ruling when presented."[1]
This seems to leave no doubt that the trial court did not intend the letter to be the type of formal order discussed in Goff . While we are of the view that no further analysis is necessary, some courts have looked to other events to determine the trial court's intent at the time the letter was signed. If we do likewise in this instance, our preliminary conclusion is confirmed. The trial court did subsequently sign an "official, formal and authentic" order granting a new trial. The problem is that by the date the trial court signed that official, formal, authentic order, the trial court's plenary jurisdiction had expired.
Because the official, formal, authentic order was not timely signed, the order is void. As a consequence, no new trial could properly be held, and the earlier default judgment was and remained the final appealable judgment of the trial court. For this reason the trial court had no jurisdiction to proceed to a hearing on the motion for summary judgment, to grant the motion, or render a judgment against Johnson, dismissing his claim with prejudice.
CONCLUSION
For the forgoing reasons, we conditionally grant Johnson's Petition for Writ of Mandamus and order the trial court to withdraw and vacate any order issued after the expiration of its plenary jurisdiction on March 2, 2017. The November 18, 2016 default judgment remains the operative judgment of the trial court.[2] We are *745 confident that the trial court will promptly comply; the writ will issue only if the trial court does not.

The entire issue could be avoided if all trial courts would utilize the language used by the 170th District Court Judge, the Honorable Jim Meyer. In his letters, wherein he announces his ruling, he not only assigns responsibility for drafting the order, but he eliminates any doubt about the nature of the letter by closing with the following sentence: "This memorandum ruling shall not be considered as an order or findings of fact and conclusions of law, but shall have the same effect as if orally pronounced in open court." This single sentence, if included by the trial court in the February 23, 2017 letter, would seem to have entirely eliminated the issue being litigated at great cost and consequence in this proceeding.

We do not address the distinction, if any, between the defendant named in the style of the suit in the trial court and the name of the party that appeared in the trial court after the default judgment was entered and who also responded as the real party in interest in this proceeding.