

# NUMBER 13-18-00337-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**RALPH DAVID JOHNSON,**                                      **Appellant,**

**v.**

**GREUNEPOINTE 1 KERENS, LLC,**                          **Appellee.**

---

### On appeal from the 13th District Court
### of Navarro County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Benavides, Perkes, and Tijerina
### Memorandum Opinion by Justice Perkes

In this appeal[1] we must decide whether appellee Greunepointe 1 Kerens, LLC was

entitled to equitable relief by bill of review when it purportedly made a "strategic decision"

---

[1] This case was transferred to us from the Tenth Court of Appeals in Waco pursuant to a docket equalization order by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

not to pursue a direct appeal from a default judgment entered in favor of appellant Ralph David Johnson. Because we conclude that a prudent litigant would have taken this available legal remedy, we reverse and render.

## I. BACKGROUND

The following is a timeline in the underlying proceeding:

- July 7, 2016—Johnson filed suit against his former employer Kerens Care Center, claiming that his termination was retaliatory and racially motivated.[2]

- November 18, 2016—The trial court signed a default judgment against Kerens Care Center.

- December 16, 2016—Greunepointe timely filed a motion for a new trial based on defective service of citation. *See* TEX. R. CIV. P. 329b(a).

- February 1, 2017—The motion was overruled by operation of law. *See id.* R. 329b(c).

- February 9, 2017—The trial court heard the motion. *See id.* R. 329b(e) (permitting the trial court to grant a new trial "until thirty days after all such timely-filed motions are overruled . . . by operation of law").

- February 23, 2017—The trial court "granted" the motion by letter ruling and concluded the letter by stating that "[t]he Court will sign an order consistent with the ruling when presented."

- March 2, 2017—The trial court's plenary power expired. *See id.*

- March 10, 2017—The trial court signed an order granting the motion.

- August 2, 2017—The trial court denied Johnson's motion to set aside the March 10th order for want of jurisdiction.

- October 12, 2017—The trial court granted summary judgment in favor of Greunepointe.

---

[2] Although Greunepointe currently owns and does business as Kerens Care Center, it contends that it took over operation of the facility the day after Johnson's termination. Therefore, according to Greunepointe, the previous owner is the correct defendant.

Johnson subsequently filed a petition for writ of mandamus, contending that the trial court lost jurisdiction over the case because its letter ruling did not constitute a "written order" under Texas Rule of Civil Procedure 329b(c). *In re Johnson*, 557 S.W.3d 740, 742 (Tex. App.—Waco 2018, orig. proceeding). The *Johnson* Court concluded that the plain language of the letter ruling necessarily precluded it from being a valid written order and conditionally granted Johnson mandamus relief, directing "the trial court to withdraw and vacate any order issued after the expiration of its plenary jurisdiction on March 2, 2017." *Id.* at 744.

Greunepointe then filed a petition for equitable bill of review, which the trial court granted, along with a take nothing judgment in favor of Greunepointe. This appeal ensued.

## II. APPLICABLE LAW & STANDARD OF REVIEW

A bill of review is an independent, equitable action to set aside a judgment that is no longer appealable or subject to a motion for new trial. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam) (citing *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979)). "A bill of review is designed to prevent manifest injustice, but the fact that an injustice may have occurred is not sufficient cause to justify relief by bill of review." *Nelson v. Williams*, 135 S.W.3d 202, 205 (Tex. App.—Waco 2004, pet. denied) (citing *Alexander v. Hagedorn*, 226 S.W.2d 996, 998 (Tex. 1950)). Because it is based in equity, the proponent of the bill must demonstrate that it "exercised due diligence in pursuing all adequate legal remedies against the former judgment." *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999) (per curiam) (citing *Tice v. City of Pasadena*, 767 S.W.2d

3

700, 702 (Tex. 1989)). "If legal remedies were available but ignored, relief by equitable bill of review is unavailable." *Id.* (citing *Caldwell*, 975 S.W.2d at 537).

"We review the granting or denial of a bill of review under an abuse of discretion standard." *Temple v. Archambo*, 161 S.W.3d 217, 224 (Tex. App.—Corpus Christi–Edinburg 2005, no pet.) (citing *Manley v. Parsons*, 112 S.W.3d 335, 338 (Tex. App.—Corpus Christi–Edinburg 2003, pet. denied)). A trial court abuses its discretion if its actions were arbitrary and unreasonable or if it acted without reference to any guiding rules or principles. *Id.* (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)). However, when the issue concerns a question of law, we review the trial court's decision de novo. *Id.* (citing *Goldsmith*, 582 S.W.2d at 409).

### III. ANALYSIS

By a single issue, Johnson maintains that Greunepointe's failure to seek a direct appeal from the effective denial of its motion for a new trial is fatal to its bill of review. Greunepointe counters that rather than ignoring an available legal remedy, it made a "strategic decision" to defend the letter ruling as a written order in the trial court and later in the court of appeals during the mandamus proceeding. Moreover, Greunepointe submits that requiring it to take a direct appeal at that point in the proceedings "would necessarily have been premised on the concession, contrary to Greunepointe's interest, that the letter ruling was insufficient to constitute an order granting a new trial and therefore the district court had ruled against Greunepointe—even though its letter ruling stated the motion 'is granted.'"

We note at the outset that whether Greunepointe actually made a conscious

4

decision to forgo a direct appeal or it was inadvertently forced into defending the letter ruling by Johnson's subsequent mandamus proceeding cannot be determined from the record. Other than asking the trial court to take judicial notice of the underlying proceedings, Greunepointe relied on allegations in its unverified petition and argument from its counsel to explain its course of action in the underlying suit, neither of which constitutes evidence.[3] *See Johnson v. Scott*, 113 S.W.3d 366, 373 (Tex. App.—Beaumont 2003, pet. denied) (explaining that "arguments of counsel are not evidence" (citing *McCain v. NME Hops., Inc.* 856 S.W.2d 751, 757 (Tex. App.—Dallas 1993, no writ))); *see also Lozano Assocs., Inc. v. La Experencia*, No. 05-06-00951-CV, 2007 WL 4465134, at *1 (Tex. App.—Dallas Dec. 21 2007, no pet.) (mem. op.) ("It is not an abuse of discretion to deny a bill of review when the petition is unverified and unsupported by sworn evidence." (citing *McCann v. Ward County*, 423 S.W.2d 339, 339–40 (Tex. App.—El Paso 1967, writ ref'd n.r.e.))); *cf. Hidalgo v. Surety Sav. & Loan Ass'n*, 462 S.W.2d 540, 545 (Tex. 1971) ("On balance, we are convinced that orderly judicial administration will be better served in the long run if we refuse to regard pleadings, even if sworn, as summary judgment evidence."). In fact, during cross examination, Greunepointe's only witness, a corporate representative, could not explain Greunepointe's "decision" not to file a notice of appeal. Regardless, even if we give full credit to Greunepointe's characterization, we conclude that a prudent litigant would have taken a direct appeal under those circumstances, and therefore Greunepointe failed to demonstrate due diligence in pursuing its available legal remedies.

---

[3] Greunepointe's petition was supported by a sworn affidavit by a corporate representative, but her statement focused on establishing defective service.

5

The supreme court stated in 2009—well before the proceedings in this case occurred in 2017—that "[w]e have been clear that Rule 329b(c) requires a written order to grant a new trial." *In re Lovito-Nelson*, 278 S.W.3d 773, 775 (Tex. 2009) (per curiam). In this regard, the face of the trial court's letter ruling is unequivocal: "The Court *will* sign an order consistent with this ruling *when* presented." (Emphasis added). As our sister court concluded, this language "leave[s] no doubt that the trial court did not intend the letter to be the type of formal order discussed in *Goff*." *Johnson*, 557 S.W.3d at 744 (citing *Goff v. Tuchscherer*, 627 S.W.2d 397, 398 (Tex. 1982) (per curiam)). Thus, contrary to Greunepointe's suggestion, it was not reasonable for Greunepointe to rely on the trial court's letter ruling as a "written order" granting its motion for a new trial. *See* TEX. R. CIV. P. 329b(c).

The record is silent on what caused the delay between the letter ruling on February 23, 2017, and the written order signed by the trial court on March 10, 2017, eight days after the court's plenary power expired on March 2, 2017. Even if we assume that Greunepointe "presented" a timely order for the trial court's signature, as is custom for the prevailing party, we note that Greunepointe had the option of perfecting its appeal without affecting the trial court's plenary power to sign the order. *See* TEX. R. CIV. P. 329b(e). In other words, Greunepointe could have secured its right to review without compromising its interest in an immediate new trial. *See id.* In any event, a prudent litigant would have actively monitored whether the trial court signed the "presented" order within the deadline and proceeded accordingly. *See Wembley*, 11 S.W.3d at 927 (requiring due diligence).

6

Finally, Greunepointe argues that this case is similar to *Gold v. Gold* in which the supreme court held that a restricted appeal is not an adequate legal remedy that must be pursued before a bill of review. *Gold v. Gold*, 145 S.W.3d 212, 214 (Tex. 2004) (per curiam). After noting the ways in which a bill of review proceeding is superior to a restricted appeal (e.g., the ability to conduct discovery and consider facts that are not apparent from the face of the record), the *Gold* Court stated that "a party is not 'ignoring' its remedies when it chooses one appellate avenue rather than another." *Id.* (citations omitted). Greunepointe likens its "decision" to defend the letter ruling in the trial court and subsequent mandamus proceeding as a choice to pursue one appellate remedy over another. Unlike *Gold*, however, the mandamus proceeding in this case was concerned with the propriety of the letter ruling and the trial court's continued jurisdiction, not the merits of Greunepointe's right to a new trial. *Compare Johnson*, 557 S.W.3d at 742 *with Gold*, 145 S.W.2d at 214. There was only one appellate remedy that guaranteed Greunepointe review of its substantive right to a new trial—a direct appeal. Thus, *Gold* does not support Greunepointe's position.

Instead, we find this case to be more analogous to *French v. Brown*, 424 S.W.2d 893 (Tex. 1967). Like Greunepointe, the defendant in *French* filed a motion for a new trial that was overruled by operation of law, allowed the judgment to become final by failing to perfect his appeal, and subsequently filed a bill of review urging the same matters previously asserted in his motion for a new trial. *See id.* at 894. After noting that the defendant wholly neglected to provide an explanation for failing to invoke his right to appeal, the *French* Court concluded "there is insufficient cause here for relief by bill of

7

review" because "[t]here was no showing of diligence." *Id.* at 895. Having already found Greunepointe's explanation insufficient to demonstrate due diligence, we sustain Johnson's sole issue. *See id.; Wembley*, 11 S.W.3d at 927.

## IV. CONCLUSION

The trial court's judgment is reversed and rendered.

GREGORY T. PERKES
Justice

Delivered and filed the
7th day of May, 2020.