Opinion filed May 26, 2022



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00138-CV

_____

**SANDRA SMITH BROWN, INDEPENDENT EXECUTRIX OF THE ESTATE OF R. J. SMITH, JR., Appellant**

**V.**

**WILLIAM CHARLES UNDERWOOD, JAN ANN UNDERWOOD, AND ROSANNE UNDERWOOD GERRARD, Appellees**

**On Appeal from the 118th District Court**

**Glasscock County, Texas**

**Trial Court Cause No. 1877**

## MEMORANDUM OPINION

This appeal involves an attempt to modify a royalty deed that was executed over thirty years earlier. Appellant, Sandra Smith Brown, seeks to change the interest that was conveyed by the royalty deed. Appellant is the independent executor of the estate of her late husband, R. J. Smith, Jr. Smith executed a royalty deed in 1985 conveying a 35/1920 nonparticipating royalty interest to Shirley Ann

Conaway, formerly known as Shirley Ann Underwood. Appellant contends that Smith "mistakenly conveyed" the wrong interest to Conaway.

Appellant filed the underlying suit in 2018 against Appellees, William Charles Underwood, Jan Ann Underwood, and Rosanne Underwood Gerrard. Appellees are the surviving heirs of Conaway. After considering competing motions for summary judgment, the trial court entered final judgment in favor of Appellees to the effect that Appellant take nothing on all of her claims. Appellant brings five issues on appeal. We affirm.

*Background Facts*

In 1975, Smith acquired an undivided 35/960 nonparticipating royalty interest from W. C. Schrader to the following described lands in Glasscock County:

> All of Sections 4, 9, 12, 13, 14, 22, 24, 27, 36, and the North 120 acres of the NW/4 of Section 26; all of said lands being in Block 36, T-4-S, T&P RR. Co. Survey; and
>
> All of Sections 18 and 30, and the NW/4 of Section 31, all in Block 35, T-4-S, T&P RR. Co. Survey[.]

Five days later, Smith executed a "Stipulation and Agreement" with W. H. Underwood and his wife, Shirley Ann Underwood, whereby Smith agreed that he would hold one-half of the interest he acquired from Schrader in trust for the Underwoods. This agreement also noted that First National Bank of Midland had advanced funds for the interest acquired from Schrader and that two deeds of trust had been executed for two notes in the amount of $75,000 each. One note was executed by Smith individually, and the other note was executed by Smith as trustee, along with the Underwoods.

In 1977, Smith assigned one-half of the interest that he acquired from Schrader to himself as trustee for the Underwoods. Thus, after the assignment, Smith possessed record title to two identical interests—a 35/1920 nonparticipating

royalty interest that he owned individually (which we will refer to as the "individual interest") and a 35/1920 nonparticipating royalty interest that he held as trustee for the Underwoods (which we will refer to as the "trustee interest").

The Underwoods divorced in 1983. Under the terms of their property settlement agreement in the divorce, Shirley Ann Underwood received the royalty interest purchased and held by Smith as trustee for the Underwoods. As noted previously, Shirley Ann Underwood later became Shirley Ann Conaway.

In 1985, Smith executed a royalty deed in favor of Conaway. The royalty deed provided in relevant part as follows:

> . . . R.J. SMITH, JR., of 3303 Lee Parkway, Dallas, Texas 75217 hereinafter called Grantor (whether one or more) for and in consideration of the sum of: TEN ($10.00) DOLLARS cash in hand paid by SHIRLEY ANN CONAWAY hereinafter called Grantee, the receipt of which is hereby acknowledged, have granted, sold, conveyed, assigned and delivered . . . unto the said grantee an undivided ***35/1920*** [royalty] interest [to the property in Glasscock County that is the subject of this appeal].

The royalty deed made no specific reference to either the individual interest or the trustee interest. Appellees assert, and Appellant agrees, that as written, Smith conveyed his individual interest to Conaway because he did not convey his interest in his capacity as trustee.

Appellant contends that Smith mistakenly conveyed his individual interest in the 1985 royalty deed. She asserts that Smith's error began because of an "incorrect release of lien" in 1984 by First Financial Bank of Midland's successor-in-interest. Appellant contends that the 1984 release incorrectly released Smith's individual interest rather than the trustee interest. Appellant later obtained a release from the FDIC in 2017 for the trustee interest, and she contends that this act vested the trustee interest into Smith's Estate.

3

Appellant also executed a document entitled "Affidavit of Clarification" in 2017 that she filed in the public deed records. She executed the document as the independent executrix of Smith's estate. As affiant, she asserted that she "does hereby make, confess, decree and swear, under oath, FOR AND IN CONSIDERATION of the sum of TEN U.S. DOLLARS ($10.00) cash, and other good and valuable consideration in hand . . . so that the truth and veracity of the [contents of the affidavit] could be made." Under the heading "**CLARIFICATION:**", she stated that "[t]he 'problems' started with what is believed to be an incorrect RELEASE OF LIEN." Appellant further stated that "[i]t is now clear that R. J. Smith, Jr. SHOULD have conveyed to Shirley Ann Conaway, only 'As TRUSTEE,' and not individually." She concluded the affidavit with the following statement: "This is what all of the documentation would seem to indicate, and what the LANDMEN have proved up."

Appellant did not base the affidavit of clarification on her personal knowledge of the 1985 mineral deed from Smith to Conaway. Instead, she based it on a review of the documents surrounding the transaction and reports by landmen that had evaluated the transactions. Additionally, Appellant noted in her pleadings that Appellees refused to participate in the execution of the Affidavit of Clarification.

Appellant filed suit against Appellees in 2018. She primarily alleged a cause of action for trespass to try title. She supported the action for trespass to try title on the matters discussed above—the transactions and documents concerning the royalty interest and her affidavit of clarification. Appellant also asserted claims for slander of title, intentional misrepresentation, unjust enrichment, assumpsit, and equitable relief. Appellant also asserted an alternative claim for declaratory judgment seeking a declaration of her rights under the relevant documents.

Appellees filed a motion for partial summary judgment on Appellant's action for trespass to try title. They asserted that Appellant had no evidence to support her

4

claim for trespass to try title. Appellees also asserted that they had superior title to the individual interest as a matter of law and that Appellant lacked standing to assert an action for trespass to try title. In response, Appellant filed a motion for partial summary judgment on the title issue in addition to her response to Appellees' motion for summary judgment. Appellant asserted that Appellees had no evidence that Conaway paid any consideration for the purchase of the individual interest in connection with the 1985 royalty deed.

The trial court granted Appellees' motion for partial summary judgment on Appellant's action for trespass to try title. The trial court also denied Appellant's motion for summary judgment on the same issue. Afterwards, Appellees filed another motion for summary judgment on Appellant's remaining claims. Appellees contended in the motion that Appellant's remaining claims were rendered moot by the trial court's determination on the action for trespass to try title. Appellees also asserted that Appellant had no evidence to support her remaining claims. Appellant responded with her own motion for summary judgment wherein she again asserted her contention that there is no evidence that Conaway paid consideration for the 1985 royalty deed. The trial court granted Appellees' second motion for summary judgment, denied Appellant's second motion for summary judgment, and entered final judgment in favor of Appellees.

*Analysis*

In her fifth issue, Appellant asserts that the trial court erred by denying her objections to Appellees' summary judgment evidence. Appellant objected to the summary judgment evidence attached to Appellees' initial motion for partial summary judgment on the basis that all of Appellees' summary judgment evidence was:

> irrelevant, immaterial, not properly authenticated [especially all of the
> documents regarding the title and, containing hearsay, not based on

5

personal knowledge, being factual matters from Defendants' attorney, violates the best-evidence rule, violates the dead man's statute, submitted without a certified copy of the Glasscock County, Texas Clerk as a business record, not based on actual knowledge and belief, and does not qualify as [an] Affidavit properly sworn to[.]

Appellees' summary judgment evidence for the initial motion for partial summary judgment on the action for trespass to try title consisted of many of the same documents that Appellant filed, including the 1975 royalty deed, the stipulation and agreement between Smith and the Underwoods, the 1977 assignment of the trust interest from Smith individually to Smith as trustee, the property settlement agreement, the 1985 royalty deed, and two releases of lien. Appellees also included the wills of Conaway and her surviving husband, Billy R. Conaway, and a distribution deed involving a portion of Conaway's interest. Finally, Appellees attached a copy of an Order Terminating Trust entered by the 385th District Court of Midland County in February 2018, which was filed of record in the deed records of Glasscock County on February 27, 2018.

Appellant repeated the same objections to Appellees' subsequent motion for summary judgment on the remaining claims. The only evidence attached to Appellees' subsequent motion was a copy of the trial court's order granting the initial motion for partial summary judgment on the action for trespass to try title.

We review the trial court's grant of summary judgment de novo. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018) (citing *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003)). However, a trial court's decision to exclude or admit summary judgment evidence is reviewed for an abuse of discretion. *Id.* (citing *Starwood Mgmt., LLC v. Swaim*, 530 S.W.3d 673, 678 (Tex. 2017)).

The rules of error preservation apply to issues involving summary judgment evidence. *FieldTurf USA, Inc. v. Pleasant Grove Indep. Sch. Dist.*, 642 S.W.3d 829, 837 (Tex. 2022) (citing *Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 163–64 (Tex.

2018)).  In order to complain about a defect in summary judgment evidence, the appellant must timely object in the trial court and obtain a ruling from the trial court on the objection.  *Id.*  Appellant does not cite a ruling in the appellate record on her objections to Appellees' summary judgment evidence.  Instead, Appellant cites an e-mail from the trial court that Appellant attached to her appellate brief as an appendix.

An appellate court is required to consider a case solely on the appellate record, and it cannot consider documents attached to briefs as exhibits or appendices.  *Robb v. Horizon Cmtys. Improvement Ass'n*, 417 S.W.3d 585, 589 (Tex. App.—El Paso 2013, no pet.); *Cherqui v. Westheimer St. Festival Corp.*, 116 S.W.3d 337, 342 (Tex. App.—Houston [14th Dist.] 2003, no pet.); *Brown v. McGonagill*, 940 S.W.2d 178, 179 (Tex. App.—San Antonio 1996, no writ); *see WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 465 n.23 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) ("[W]e cannot consider documents attached as appendices to briefs and must consider a case based solely upon the [appellate] record filed.").  Attaching documents to briefs as exhibits or appendices does not make them part of the appellate record.  *Robb*, 417 S.W.3d at 589.

Additionally, "[l]etters to counsel are not the kind of documents that constitute a judgment, decision or order from which an appeal may be taken."  *Goff v. Tuchscherer*, 627 S.W.2d 397, 398–99 (Tex. 1982).  The e-mail from the trial court upon which Appellant relies was not filed of record.  *See Genesis Producing Co., L.P. v. Smith Big Oil Corp.*, 454 S.W.3d 655, 660 (Tex. App.—Houston [14th Dist.] 2014, no pet.).  While the trial court's e-mail states that Appellant's objections to Appellees' summary judgment "are overruled," the e-mail further states that Appellant's attorneys "can efile an order as to my ruling on the evidentiary objections if you wish to do so."  A statement to the effect that another writing is anticipated indicates that the trial court did not intend for the letter to be an

appealable ruling. *In re Johnson*, 557 S.W.3d 740, 742–44 (Tex. App.—Waco 2018, orig. proceeding) (discussing *Goff* and *Perdue v. Patten Corp.*, 142 S.W.3d 596 (Tex. App.—Austin 2004, no pet.)). Thus, the e-mail from the trial court to the attorneys in the case, announcing its intended ruling, did not constitute an appealable ruling on Appellant's objections to Appellees' summary judgment evidence.

Moreover, to the extent that the trial court may have overruled Appellant's objections to the summary judgment evidence, this ruling did not constitute an abuse of discretion. *See Sw. Energy Prod. Co. v. Berry-Helfand*, 491 S.W.3d 699, 727 (Tex. 2016) (A trial court's evidentiary rulings are reviewed for abuse of discretion.). An abuse of discretion exists only when the trial court's decision is made without reference to any guiding rules and principles. *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 132 (Tex. 2012). As noted previously, most of Appellees' summary judgment evidence items were documents that Appellant also filed as summary judgment evidence. Other documents filed by Appellees consisted of copies of filed wills and a deed filed in the public deed records. These documents established Appellees' status as Conaway's successors-in-interest. Finally, Appellees included as summary judgment evidence a copy of a judgment from a district court in Midland County, which had been filed in Glasscock County, and a copy of the trial court's previous order ruling on the initial motion for partial summary judgment. We conclude that the trial court did not abuse its discretion by overruling Appellant's objection to Appellees' summary judgment evidence. We overrule Appellant's fifth issue.

In her first issue, Appellant asserts that the trial court erred by granting Appellees' motion for partial summary judgment on her claim for trespass to try title. She contends that her summary judgment evidence showed that Smith only intended to convey the trust interest in the 1985 royalty deed. She also asserts that there was a genuine issue of material fact on the issue of mistake.

When the trial court's order does not specify the grounds for its summary judgment, we will affirm the summary judgment if any of the theories are meritorious. *Knott*, 128 S.W.3d at 216. Generally, if a party moves for summary judgment on both traditional and no-evidence grounds, we first consider the no-evidence motion. *Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017).

After an adequate time for discovery, a party may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). We review a no-evidence motion for summary judgment under the same legal sufficiency standard as a directed verdict. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). Under this standard, the nonmovant has the burden to produce more than a scintilla of evidence to support each challenged element of its claims. *Id.* Evidence is no more than a scintilla if it is "so weak as to do no more than create a mere surmise or suspicion" of a fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)).

A party moving for traditional summary judgment bears the burden of proving that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nassar v. Liberty Mut. Fire Ins. Co.*, 508 S.W.3d 254, 257 (Tex. 2017). To be entitled to a traditional summary judgment, a defendant must conclusively negate at least one essential element of the cause of action being asserted or conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). Evidence is conclusive only if reasonable people could not differ in their conclusions. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). If the movant initially establishes a right to summary judgment on the issues expressly

9

presented in the motion, then the burden shifts to the nonmovant to present to the trial court any issues or evidence that would preclude summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979).

When, as here, the parties file cross-motions for summary judgment and the trial court grants one party's motion and denies the other's, we review the summary judgment evidence presented by both parties and determine all the issues presented. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In reviewing both traditional and no-evidence summary judgments, we consider the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the movant. *Merriman*, 407 S.W.3d at 248; *City of Keller*, 168 S.W.3d at 824.

As a preliminary matter, we will address Appellees' contention that Appellant did have not standing to assert a claim for trespass to try title. In order for a court to have subject-matter jurisdiction, the plaintiff must have standing to sue. *Sw. Elec. Power Co. v. Lynch*, 595 S.W.3d 678, 683 (Tex. 2020). The doctrine of standing stems from the prohibition against advisory opinions, which in turn is rooted in the separation-of-powers doctrine. *Patterson v. Planned Parenthood of Houston & Se. Tex., Inc.*, 971 S.W.2d 439, 442 (Tex. 1998). Standing is a component of subject-matter jurisdiction and focuses on whether a party has a sufficient relationship with the lawsuit to have a justiciable interest in its outcome. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). If a party lacks standing, the trial court lacks subject-matter jurisdiction to hear the case. *Id.* at 849.

Standing is a matter that concerns the jurisdiction of a court to afford the relief requested, rather than the right of a plaintiff to maintain a suit for the relief requested. *Sneed v. Webre*, 465 S.W.3d 169, 186 (Tex. 2015) (citing *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76–77 (Tex. 2000)). "[A] plaintiff does not lack standing in its proper, jurisdictional sense 'simply because he cannot prevail on the merits of his

claim; he lacks standing [when] his claim of injury is too slight for a court to afford redress.'" *Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 774 (Tex. 2020) (quoting *Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 484–85 (Tex. 2018); *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 305 (Tex. 2008)).

Appellant's claim involves a non-participating royalty interest, a nonpossessory interest. *See Nat. Gas Pipeline Co. of Am. v. Pool*, 124 S.W.3d 188, 192 (Tex. 2003). Appellees assert that Appellant's claim is not suitable for resolution in an action for trespass to try title. Appellees are correct in making this assertion. Because trespass to try title is a possessory remedy, a nonpossessory interest such as a royalty interest is not suitable for an action for trespass to try title. *Richmond v. Wells*, 395 S.W.3d 262, 266–67 (Tex. App.—Eastland 2012, no pet.); *Glover v. Union Pac. R. Co.*, 187 S.W.3d 201, 210–11 (Tex. App.—Texarkana 2006, pet. denied); *T-Vestco Litt-Vada v. Lu-Cal One Oil Co.*, 651 S.W.2d 284, 291 (Tex. App.—Austin 1983, writ re'd n.r.e.). However, Appellees' contention that an action for trespass to try title is not available to Appellant does not address standing in the jurisdictional sense,[1] but rather it addresses the merits of Appellant's cause of action. *See Pike*, 610 S.W.3d at 774; *Sneed*, 465 S.W.3d at 186. Accordingly, Appellees' standing contention is incorrect, and it does not serve as a valid basis for the trial court's summary judgment.

Irrespective of the inapplicability of an action for trespass to try title in this case, the initial motions for summary judgment addressed each party's claims of title to the individual interest, and Appellant's first issue challenges the trial court's determination of the question of title. Simply put, Appellees assert that, by virtue of the terms of the 1985 royalty deed, they have title to the individual interest.

---

[1]As a practical matter, we note that a plaintiff has standing for an action for trespass to try title when he asserts an interest in the land. *See Ramsey v. Grizzle*, 313 S.W.3d 498, 505 (Tex. App.—Texarkana 2010, no pet.).

Appellees contend that the other documents and the affidavit of clarification cannot be used to vary the terms of the 1985 royalty deed. Conversely, Appellant contends that the surrounding documents and the affidavit of clarification establish that Smith only intended to convey the trust interest in the 1985 royalty deed.

We begin our analysis with the 1985 royalty deed because the nature of the interest conveyed by a deed is ascertained from the language of the deed itself. *See Endeavor Energy Res., LP v. Trudy Jane Anderson Testamentary Tr., by & Through Anderson*, No. 11-20-00263-CV, 2022 WL 969542, at \*8–9 (Tex. App.—Eastland Mar. 31, 2022, no pet. h.) (citing *Lockhart as Tr. Of Lockhart Family Bypass Tr. v. Chisos Minerals, LLC*, 621 S.W.3d 89 (Tex. App.—El Paso 2021, pet. denied); *West 17th Res., LLC v. Pawelek*, 482 S.W.3d 690, 694–95 (Tex. App.—San Antonio 2015, pet. denied)). "As with any deed or contract, our task is to determine and enforce the parties' intent as expressed within the four corners of the written agreement. *Piranha Partners v. Neuhoff*, 596 S.W.3d 740, 743 (Tex. 2020) (citing *Perryman v. Spartan Tex. Six Capital Partners, Ltd.*, 546 S.W.3d 110, 117–18 (Tex. 2018)). We must first determine whether the deed is ambiguous, considering its language as a whole in light of well-settled construction principles and the relevant surrounding circumstances. *Id.* (citing *URI, Inc. v. Kleberg Cty.*, 543 S.W.3d 755, 763 (Tex. 2018); *First Bank v. Brumitt*, 519 S.W.3d 95, 109 (Tex. 2017)). Whether a deed or contract is ambiguous is a question of law that we decide de novo. *URI*, 543 S.W.3d at 763. The fact that the parties interpret the document differently does not make it ambiguous—it is only ambiguous if each party's interpretation is reasonable. *Piranha Partners*, 596 S.W.3d 743–44 (citing *URI*, 543 S.W.3d at 763, 765).

An appellate court may only construe a deed as a matter of law if it is unambiguous. *ConocoPhillips Co. v. Koopmann*, 547 S.W.3d 858, 874 (Tex. 2018) (citing *J. Hiram Moore, Ltd. v. Greer*, 172 S.W.3d 609, 613 (Tex. 2005)). If a deed

12

is worded in such a way that it can be given a certain or definite legal meaning, then the deed is not ambiguous. *Endeavor Energy Res., L.P. v. Discovery Operating, Inc.*, 554 S.W.3d 586, 601 (Tex. 2018).

Our task when construing an unambiguous deed is to "ascertain the intent of the parties from the language in the deed" as expressed within the "four corners" of the instrument. *Luckel v. White*, 819 S.W.2d 459, 461 (Tex. 1991). The four-corners rule requires the court to ascertain the intent of the parties solely from all of the language in the deed. *Wenske v. Ealy*, 521 S.W.3d 791, 794 (Tex. 2017) (citing *Luckel*, 819 S.W.2d at 461). The intent that governs is not the intent that the parties meant but failed to express but, rather, the intent that is expressed. *Luckel*, 819 S.W.2d at 462.

The 1985 royalty deed is a straightforward instrument prepared on a preprinted form. We have quoted the operative provision above. Simply put, Smith conveyed a 35/1920 nonparticipating royalty interest to Conaway. He executed the 1985 royalty deed at a time when he owned two 35/1920 nonparticipating royalty interests—one that he owned individually and one that he held as trustee for Conaway. The 1985 royalty deed does not specify which of the two interests he was conveying, and it is silent as to the capacity in which Smith conveyed the interest to Conaway. In the absence in the deed of the capacity by which Smith conveyed the interest or a further description of the particular interest conveyed, the four corners of the 1985 royalty deed indicate that Smith conveyed his individual interest.

Appellant's lawsuit is an attempt to change the effect of the express language in the 1985 royalty deed. She primarily contends that summary judgment on the title question was improper because she either established that the 1985 royalty deed mistakenly conveyed the individual interest or raised a fact question on the issue of mistake. She relies upon the circumstances surrounding the 1985 royalty deed and her affidavit of clarification to establish her claims.

We will first examine the surrounding circumstances as reflected by the other conveyances and documents upon which Appellant relies. In construing a contract or deed, a "[c]onsideration of the surrounding circumstances is limited by the parol evidence rule, which prohibits a party to an integrated written contract from presenting extrinsic evidence 'for the purpose of creating an ambiguity or to give the contract a meaning different from that which its language imports.'" *URI, Inc.*, 543 S.W.3d at 764 (first citing *Hous. Expl. Co. v. Wellington Underwriting Agencies, Ltd.*, 352 S.W.3d 462, 469 (Tex. 2011); then quoting *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 681 (Tex. 2017)). Appellant does not rely on the surrounding circumstances of the transaction to either create an ambiguity or to explain an ambiguity in the 1985 royalty deed. *See id.* at 764–65. Instead, she relies on the surrounding circumstances to give the royalty deed a meaning different than what it expresses. *See id.*

The parol evidence rule does not bar extrinsic proof of mutual mistake. *Williams v. Glash*, 789 S.W.2d 261, 264 (Tex. 1990) (citing *Santos v. Mid–Continent Refrigerator Co.*, 471 S.W.2d 568, 569 (Tex. 1971) (per curiam)). "Pursuant to the doctrine of mutual mistake, when parties to an agreement have contracted under a misconception or ignorance of a material fact, the agreement will be avoided." *Id.* "The question of mutual mistake is determined not by self-serving subjective statements of the parties' intent, which would necessitate trial to a jury in all such cases, but rather solely by objective circumstances surrounding execution of the [contract]." *Id.*

A mutual mistake of fact occurs when the parties to an agreement have a common intention, but the written contract does not reflect the intention of the parties due to a mutual mistake. *Smith-Gilbard v. Perry*, 332 S.W.3d 709, 713 (Tex. App.—Dallas 2011, no pet.) (citing *Johnson v. Conner*, 260 S.W.3d 575, 581 (Tex. App.—Tyler 2008, no pet.); *N. Nat. Gas v. Chisos Joint Venture I*, 142 S.W.3d 447,

14

456 (Tex. App.—El Paso 2004, no pet.)). The claimant must show "that the *contracting parties* were acting under the same misunderstanding of the same material fact." *Johnson*, 260 S.W.3d at 581 (emphasis added). A mutual mistake regarding a material fact is grounds for avoiding a contract, but the mistake must be mutual rather than unilateral. *Smith-Gilbard*, 332 S.W.3d at 713 (citing *Holley v. Grigg*, 65 S.W.3d 289, 295 (Tex. App.—Eastland 2001, no pet.)). A unilateral mistake does not provide grounds for relief even though it results in inequity to one of the parties. *Id* at 714 (citing *Holley*, 65 S.W.3d at 295).

When a party alleges that, by reason of mutual mistake, an agreement does not express the real intentions of the parties, extrinsic evidence is admissible to show the real agreement. *Smith-Gilbard*, 332 S.W.3d at 713; *Johnson*, 260 S.W.3d at 581. "For a mutual mistake to exist, there must be the same mistaken belief or assumption in the minds of the *grantors and grantees named in the deed*." *Johnson*, 260 S.W.3d at 582 (emphasis added).

When seeking relief from a mutual mistake, the party seeking reformation must also prove what the true agreement was, but its case is not made by proof that there was an agreement which is at variance with the writing. *Smith-Gilbard*, 332 S.W.3d at 714; *Johnson*, 260 S.W.3d at 581. "It must go further and establish that the terms or provisions of the writing that differ from the true agreement made were placed in the instrument by mutual mistake." *Smith-Gilbard*, 332 S.W.3d at 714; *accord Johnson*, 260 S.W.3d at 581.

The surrounding circumstances upon which Appellant primarily relies are (1) that Smith held the trustee interest on behalf of the Underwoods by express agreement and (2) that the successor-in-interest to First Financial Bank of Midland purportedly released the wrong interest in 1984. However, there is no evidence that specifically links these events to the 1985 royalty deed. There is no evidence of any oral discussions or written communications between Smith and Conaway with

respect to the 1985 royalty deed. Instead, Appellant's reliance on the surrounding circumstances is based on an assumption that Smith must have intended to convey the trustee interest when he executed the 1985 royalty deed.

Appellant also contends that the 2017 affidavit of clarification is an instrument that was effective to change the interest conveyed by the 1985 royalty deed. She relies on Sections 5.028 and 5.030 of the Correction Instrument statutes to support this contention. *See* TEX. PROP. CODE ANN. §§ 5.028, .030 (West 2021). We recently addressed the Correction Instrument statutes in *Endeavor Energy Resources*. *See* 2022 WL 969542, at *5. "These statutes permit the use of correction instruments to make both material and nonmaterial corrections under certain circumstances, including the conveyance of additional, separate properties[.]" *Id.*

Section 5.028 governs nonmaterial corrections of deeds. PROP. § 5.028. It permits a single party to unilaterally execute a correction instrument to correct a nonmaterial error. *See id.* Conversely, Section 5.029 governs material corrections. *Id.* § 5.029. Unlike a nonmaterial corrections governed by Section 5.028, Section 5.029 requires both parties to the original instrument of conveyance "or the parties' heirs, successors, or assigns as applicable" to execute a correction instrument in order for it to be a valid correction instrument. *Id.*; *see Endeavor Energy Res.*, 2022 WL 969542, at *5.

Appellant's reliance on Section 5.028 is misplaced because the correction that Appellant sought to make was a material correction. In this regard, Appellant sought to change the interest conveyed by the 1985 royalty deed. Accordingly, a correction instrument of this nature would be governed by Section 5.029 and it would require the execution by someone on behalf of Conaway to be effective as a corrective instrument. PROP. § 5.029; *see Endeavor Energy Res.*, 2022 WL 969542, at *5. Thus, as a document filed in the public deed records, Appellant's affidavit of clarification had no effect on the interest conveyed by the 1985 royalty deed.

In an effort to show mutual mistake, Appellant also relies on the affidavit of clarification as summary judgment evidence. We have previously noted that the affidavit of clarification is not based on Appellant's personal knowledge of the conveyance reflected in the 1985 royalty deed, but rather it is based on her review of records and a review of the same records performed by others.

Appellant also filed an affidavit executed by David Lawrence, a title attorney. Lawrence's affidavit does not state or otherwise indicate that it is based on his personal knowledge. To the contrary, he stated that his affidavit is based on his review of the relevant documents. Specifically, he stated that "[f]rom my review of the above described documents it appears that the following facts exists, or may reasonably be inferred based upon the sequence and time of same." He opined that his review of the documents indicates that Smith was mistaken about the interest that he conveyed in the 1985 royalty deed. Lawrence speculated that "[Smith] was apparently operating without the benefit of counsel or a bona fide Title Company, and he was probably trying to assist [Conaway] in clearing her title to the [trust] interest." He further stated that there is no evidence that Conaway conveyed "independent consideration" for the purchase of the individual interest.

An affidavit that fails to disclose that the affiant has personal knowledge of the facts or that shows "no basis for personal knowledge is legally insufficient" and constitutes a defect of substance that may be raised for first time on appeal. *Kerlin v. Arias*, 274 S.W.3d 666, 668 (Tex. 2008) (per curiam) (holding that an affidavit was legally insufficient because "nothing in the affidavit affirmatively show[ed] how [affiant] could possibly have personal knowledge about events occurring in the 1840s"); *see Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 666 (Tex. 2010) ("An affidavit not based on personal knowledge is legally insufficient." (citing *Kerlin*, 274 S.W.3d at 668)); *Wash. DC Party Shuttle, LLC v. IGuide Tours, LLC*, 406 S.W.3d 723, 733 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (noting

17

that an affidavit that fails to disclose that the affiant has personal knowledge of facts asserted suffers from a substantive defect).

Neither Appellant's affidavit of clarification nor Lawrence's affidavit indicates that either of them has any personal knowledge of the conveyance reflected by the 1985 royalty deed. Instead, these affidavits are based on a review of documents—a review that any person could provide—as opposed to a person with personal knowledge of the relevant facts surrounding the 1985 royalty deed. Furthermore, Appellant's affidavit and Lawrence's affidavit are little more than an effort to speculate about the interest that Smith intended to convey to Conaway by way of the 1985 royalty deed. An affiant's subjective belief about facts is legally insufficient as evidence. *Threlkeld v. Urech*, 329 S.W.3d 84, 89 (Tex. App.—Dallas 2010, pet. denied) (citing *Kerlin*, 274 S.W.3d at 667); *see Thompson & Knight LLP v. Patriot Exp., LLC*, 444 S.W.3d 157, 162 (Tex. App.—Dallas 2014, no pet.) (Expert testimony that is speculative is legally insufficient to prove the facts testified to.). Thus, Appellant's affidavit and Lawrence's affidavit are insufficient to create a genuine issue of material fact either on what interest Smith intended to convey or on mutual mistake.

Moreover, Smith and Conaway were the original grantor and grantee to the 1985 royalty deed. Smith died in 2005 and Conaway died in 2010. The record is silent regarding either of their subjective thoughts or impressions about the 1985 royalty deed. For example, there is no reference, hearsay or otherwise, to any conversation between Smith and Conaway or a verbal agreement between the two that preceded the 1985 royalty deed with respect to its purpose and intent. Additionally, Appellant's summary judgment evidence is only directed toward Smith's purported thoughts. The record is devoid of any reference to Conaway's understanding of the 1985 royalty deed—a matter that would be essential to mutual mistake.

Finally, we address Appellant's contention that Appellees have no evidence that Conaway paid consideration for the individual interest conveyed by the 1985 royalty deed. A mere lack of consideration is not enough to void a deed. *Watson v. Tipton*, 274 S.W.3d 791, 801 (Tex. App.—Fort Worth 2008, pet. denied); *Uriarte v. Petro*, 606 S.W.2d 22, 24 (Tex. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). As noted by Professor Leopold:

> Consideration is not necessary to the validity of a deed conveying Texas land. When an instrument conforms to the statutory requirements and purports to be an executed conveyance of land, the delivery of such instrument has the effect, as between the parties, of vesting title in the grantee in all respects, the same when there is no consideration for the conveyance as when there is one.

Aloysius A. Leopold, 5 *Texas Practice Series: Land Titles And Title Examination* § 33.14 (3d ed. 2021) (footnotes omitted) (Validity of Texas deed without consideration). Additionally, the 1985 royalty deed recites in the body both that Conaway paid consideration and that Smith acknowledged receipt of it. Recitals of consideration in a deed are prima facie evidence of the amount and payment of consideration. *See Watson*, 274 S.W.3d at 802. Furthermore, Smith executed an acknowledgment for the 1985 royalty deed before a notary public wherein Smith acknowledged that he executed the deed for "the purpose and consideration therein expressed." "An acknowledgment on a deed is prima facie evidence that the grantor executed the deed for the consideration expressed in the deed." *Id.* (citing *Bell v. Sharif–Munir–Davidson Dev. Corp.*, 738 S.W.2d 326, 330 (Tex. App.—Dallas 1987, writ denied); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 121.006(b)(1) (West Supp. 2021) (defining "acknowledged" as meaning "that the person personally appeared before the officer taking the acknowledgment and acknowledged executing the instrument for the purposes and consideration expressed in it").

As set out above, Appellant has no evidence of title to the individual interest conveyed to Conaway by the 1985 royalty deed. She also has no evidence of a mutual mistake by Smith and Conaway. Thus, the evidence conclusively establishes that Appellees have title to the individual interest. We overrule Appellant's first issue.

In her second issue, Appellant contends that the trial court erred by granting Appellees' second motion for summary judgment on Appellant's remaining claims. With one exception, Appellant's second issue is premised on the success of her first issue on the question of title. The one exception pertains to her claim of unjust enrichment. She contends that, even if we affirm the title question on the individual interest in favor of Appellees, she still has a claim for unjust enrichment because there is no evidence that Conaway paid any consideration for the individual interest. However, as set out above, the language of the 1985 royalty deed and the acknowledgment signed by Smith preclude a claim that no consideration was paid. Accordingly, our disposition of Appellant's first issue is also dispositive of Appellant's second issue. We overrule Appellant's second issue.

Appellant asserts in her third issue that the trial court erred by granting summary judgment on causes of action that were not the subject of Appellees' second motion for summary judgment. She contends that, although the title of Appellees' second motion for summary judgment addressed "Plaintiff's remaining claims," the body of the motion did not address her claims for a declaratory judgment or equitable relief. Appellant's characterization of the second motion for summary judgment is incorrect. Appellees sought a traditional motion for summary judgment on Appellant's remaining claims on the premise that the trial court's determination of the title issue precluded Appellant's remaining claims because they were all based on her claim that she possessed title to the individual interest. Appellees then asserted an alternative no-evidence ground with respect to Appellant's claims for

slander of title, intentional misrepresentation, fraud, unjust enrichment, and assumpsit.

As noted previously, Appellees' initial motion for summary judgment resolved the title question with respect to Appellant's claim to the individual interest. This title determination was dispositive of Appellant's remaining claims because they were all based on her efforts to seek title to the individual interest and seek damages against Appellees for their adverse claim to the title to the individual interest. We overrule Appellant's third issue.

In her fourth issue, Appellant contends that the trial court erred by denying her countermotions for summary judgment. She contends that she conclusively established legal title to the individual interest by virtue of the surrounding circumstances and her affidavit of clarification. We have already rejected these contentions in our resolution of Appellant's first issue. We overrule Appellant's fourth issue.

Finally, Appellant included an unnumbered, alternative issue for our consideration. Appellant asserts that if the 1985 royalty deed conveyed the individual interest to Conaway, then Appellees should be ordered as a matter of equity to convey the trustee interest to Appellant. Appellant acknowledges that the Midland County judgment awarded the trustee interest to Appellees. She contends in her brief that the Midland County action was instituted by Appellees without her participation and that she has filed a bill of review to challenge the Midland County judgment.

We note that Appellant later filed a notice of appeal in the Midland County action. The appeal was docketed in this court as Cause No. 11-21-00019-CV, styled *Sandra Smith Brown, Independent Executrix of the Estate of R.J. Smith, Jr., Deceased v. William Charles Underwood, Jan Ann Underwood Pinborough, and Rosanne Underwood Gerrard*. However, we dismissed the appeal because

21

Appellant filed an untimely notice of appeal. *See Brown v. Underwood*, No. 11-21-00019-CV, 2021 WL 924942, at *1 (Tex. App.—Eastland Mar. 11, 2021, no pet.) (mem. op.). Because the judgment from Midland County is a final judgment that awarded title to the trustee interest to Appellees, it precludes the alternative relief that Appellant seeks.

## This Court's Ruling

We affirm the judgment of the trial court.


JOHN M. BAILEY

CHIEF JUSTICE


May 26, 2022

Panel consists of: Bailey, C.J.,
Wright, S.C.J.,[2] and Marion, S.C.J.[3]

Trotter, J., and Williams, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.

[3]Sandee Bryan Marion, Senior Chief Justice (Retired), Court of Appeals, 4th District of Texas at San Antonio, sitting by assignment.