Santiago SANTOS, d/b/a La Frontera Grocery, Petitioner,

v.

**MID–CONTINENT REFRIGERATOR COMPANY, Respondent.**

No. B–2838.

Supreme Court of Texas.

Oct. 6, 1971.

Hardy & Sharpe, Thomas G. Sharpe, Jr., Brownsville, for petitioner.

Cox, Wilson, Duncan & Black, John W. Black, Brownsville, for respondent.

PER CURIAM.

Plaintiff Mid-Continent Refrigerator Company brought this suit for damages as a result of defendant Santiago Santos' default of a contract by which refrigeration equipment was leased to Santos. A summary judgment was entered for Refrigerator Company. The court of civil appeals affirmed, but its opinion states that Santos resisted the motion for summary judgment with an affidavit setting forth a fraudulent misrepresentation by Refrigerator Company's agent as to a particular provision of the contract between them. 469 S.W.2d 24, 25. The court then holds that evidence of the agreement contrary to the writing would have no effect because of the parol evidence rule.

The parol evidence rule will not prevent proof of fraud or mutual mistake. However, Santos presented no affidavit which raised this issue. The quotation in the opinion of the court of civil appeals is taken from an unverified pleading. Fraud or mutual mistake are affirmative defenses and must be raised by proper summary judgment proof by the one resisting the summary judgment. Gulf, Colorado & Sante Fe Ry. Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492 (1958).

The application for writ of error is refused, no reversible error.