Opinion filed July 23, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed July 23,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00154-CV 

                                                     __________

 

                                        FAWCETT,
LTD., Appellant

 

                                                             V.

 

        IDAHO NORTHERN
& PACIFIC RAILROAD COMPANY, Appellee

 



 

                                          On
Appeal from the 29th District Court

 

                                                      Palo
Pinto County, Texas

 

                                                  Trial
Court Cause No. C39211

 



 

                O P I N I O N  
O N   M O T I O N S   F O R   R E H E A R I N G   A N D

                                              T
O   M O D I F Y   J U D G M E N T

The
Railroad=s
Motion for Rehearing

Idaho
Northern & Pacific Railroad Company (Railroad) has filed a motion for
rehearing.  No new arguments are presented.  Again, the Railroad argues that
this is not a contract construction case, that the findings of the trial court
that the parties agreed to sell all of the ranch that had good and marketable
title supported reformation, and that the mistake in Paragraph 3D (the ten
percent termination provision) was immaterial.








The
Railroad has not demonstrated why this is not a contract construction case. 
When parties have executed an unambiguous, fully-integrated written agreement,
as Fawcett and the Railroad did, the general rule is that extrinsic evidence,
whether written or oral, is not admissible to prove either the intent of the
parties to a contract or the meaning of contractual terms.  Mark K. Glasser
& Keith A. Rowley, On Parol: The Construction and Interpretation of
Written Agreements and The Role of Extrinsic Evidence in Contract Litigation,
49 Baylor L. Rev. 657, 660
(1997).  Although the trial court below allowed an extraordinary amount of
extrinsic evidence and made findings to reform the contract to an agreement the
parties never made, it was not necessary to lengthen our opinion to address the
trial court=s numerous
findings that were not relevant to our construction of the contract as a matter
of law.

For
example, the trial court in Finding No. 475 stated that A[i]t was [the Railroad=s] intention and agreement to purchase All
of the acreage of the XO Ranch to which [Fawcett] had good and marketable title@ and in Finding No. 478
stated that A[Fawcett]
intended to sell only the acreage to which it had good and marketable title.@  Paragraph 2 of the
contract described the AProperty@ being sold as A5000 acres, more or less.@  It does not state A5000 acres, more or less,
with good and marketable title.@ 
Further, the Railroad=s
proposed reformation would also rewrite Paragraph 4a in Exhibit C that stated
that at closing, Fawcett would convey to the Railroad good and marketable title
to the Property subject to Aany
Title exceptions permitted by the terms of the Contract.@ 

The
parol evidence rule does not bar extrinsic proof of a mutual mistake.  See
Santos v. Mid-Continent Refrigerator Co., 471 S.W.2d 568, 569 (Tex. 1971). 
We addressed the surveyor=s
mistake and the timing of the contract=s
formation.  The uncontradicted evidence was that the mutual mistake concerning
the acreage the parties wrote in Paragraph 3D came before the parties reached
their agreement.  We need not repeat that analysis. 

To
accept the Railroad=s
argument, we would have to delete Paragraph 3D from the contract.  We decline
to do so. The Texas Supreme Court has consistently reiterated the importance of
construing a contract so as to give meaning to each provision.  Lenape Res.
Corp. v. Tenn. Gas Pipeline Co., 925 S.W.2d 565, 574 (Tex. 1996); Coker
v. Coker, 650 S.W.2d 391, 393 (Tex. 1983).  The Railroad=s motion for rehearing is
overruled.

 








Fawcett=s Motion to Modify the
Judgment

The
parties stipulated in the trial court that the prevailing party would recover
reasonable and necessary attorney=s
fees from the non-prevailing party in the following amounts: (1) $700,000 for
services rendered at the trial court level through judgment; (2) $50,000 for
services rendered at the court of appeals level; (3) $15,000 for services
rendered at the Texas Supreme Court level in the event the non-prevailing party
filed a petition for review, the prevailing party filed a response to the
petition for review, and the petition for review was denied or refused; and (4)
$20,000 for services rendered at the Texas Supreme Court level in the event the
non-prevailing party filed a petition for review, the Texas Supreme Court
granted review, and the non-prevailing party was ultimately unsuccessful in the
Texas Supreme Court.  The trial court entered an order recognizing the parties= stipulation.  In its
judgment, the trial court awarded attorney=s
fees to Idaho Northern in accordance with the stipulation.  The trial court
also awarded postjudgment interest on those fees.[1] 
In our original opinion, we reversed the judgment of the trial court and
rendered judgment in favor of Fawcett.  Our judgment did not include an award
of attorney=s fees to
Fawcett.

Fawcett
has filed a motion to modify in this court requesting us to modify our judgment
to award it attorney=s
fees in accordance with the parties=
stipulation.  Because the parties stipulated that the prevailing party would
recover reasonable and necessary attorney=s
fees and also stipulated as to the amounts of those fees, we grant Fawcett=s motion and modify our
judgment to award it the following attorney=s
fees:

(1) that Fawcett
have and recover from Idaho Northern reasonable and necessary attorney=s fees in the sum of
$700,000 for services rendered at the trial court level, plus interest at the
rate of 5% compounded annually, from March 8, 2007, until paid;

 

(2) that Fawcett
have and recover from Idaho Northern reasonable and necessary attorney=s fees in the sum of
$50,000 for services rendered at the court of appeals level, plus interest at
the rate of 5% compounded annually, from the date of the court of appeals=s final judgment until
paid;

 








(3) that, if Idaho
Northern files a petition for review in the Texas Supreme Court and Fawcett is
required to file a response to the petition, and the petition is denied or
refused, Fawcett have and recover from Idaho Northern reasonable and necessary
attorney=s fees in the
sum of $15,000, plus interest at the rate of 5% compounded annually, from the
date that Idaho Northern=s
petition for review is denied or refused until paid; and

 

(4) that, if Idaho
Northern files a petition for review and the Texas Supreme Court grants review,
and the petition is ultimately unsuccessful, Fawcett have and recover from
Idaho Northern reasonable and necessary attorney=s
fees in the sum of $20,000, plus interest at the rate of 5% compounded
annually, from the date of the Texas Supreme Court=s final judgment until paid.

 

The motion for rehearing is overruled.  The motion to modify the judgment
is granted, and the modified judgment is issued as of this date.

 

 

TERRY McCALL

JUSTICE

 

July 23, 2009

Panel consists
of:  Wright, C.J.,

McCall, J.,
and Strange, J.









[1]Postjudgment interest accrues automatically once a
court renders its judgment.  Office of Attorney Gen. of Tex. v. Lee, 92
S.W.3d 526, 528 (Tex. 2002); see also RAJ Partners, Ltd. v. Darco Constr.
Corp., 217 S.W.3d 638, 653 (Tex. App.CAmarillo
2006, no pet.) (A[P]ostjudgment interest is mandated by statute.@).