**Opinion filed July 23, 2009**



**In The**

# Eleventh Court of Appeals

———————

## No. 11-07-00154-CV

———————

## FAWCETT, LTD., Appellant

## V.

## IDAHO NORTHERN & PACIFIC RAILROAD COMPANY, Appellee

**On Appeal from the 29th District Court**

**Palo Pinto County, Texas**

**Trial Court Cause No. C39211**

## O P I N I O N O N M O T I O N S F O R R E H E A R I N G A N D T O M O D I F Y J U D G M E N T

*The Railroad's Motion for Rehearing*

Idaho Northern & Pacific Railroad Company (Railroad) has filed a motion for rehearing. No new arguments are presented. Again, the Railroad argues that this is not a contract construction case, that the findings of the trial court that the parties agreed to sell all of the ranch that had good and marketable title supported reformation, and that the mistake in Paragraph 3D (the ten percent termination provision) was immaterial.

The Railroad has not demonstrated why this is not a contract construction case. When parties have executed an unambiguous, fully-integrated written agreement, as Fawcett and the Railroad did, the general rule is that extrinsic evidence, whether written or oral, is not admissible to prove either the intent of the parties to a contract or the meaning of contractual terms. Mark K. Glasser & Keith A. Rowley, *On Parol: The Construction and Interpretation of Written Agreements and The Role of Extrinsic Evidence in Contract Litigation*, 49 BAYLOR L. REV. 657, 660 (1997). Although the trial court below allowed an extraordinary amount of extrinsic evidence and made findings to reform the contract to an agreement the parties never made, it was not necessary to lengthen our opinion to address the trial court's numerous findings that were not relevant to our construction of the contract as a matter of law.

For example, the trial court in Finding No. 475 stated that "[i]t was [the Railroad's] intention and agreement to purchase **All** of the acreage of the XO Ranch to which [Fawcett] had good and marketable title" and in Finding No. 478 stated that "[Fawcett] intended to sell only the acreage to which it had good and marketable title." Paragraph 2 of the contract described the "Property" being sold as "5000 acres, more or less." It does not state "5000 acres, more or less, with good and marketable title." Further, the Railroad's proposed reformation would also rewrite Paragraph 4a in Exhibit C that stated that at closing, Fawcett would convey to the Railroad good and marketable title to the Property subject to "any Title exceptions permitted by the terms of the Contract."

The parol evidence rule does not bar extrinsic proof of a mutual mistake. *See Santos v. Mid-Continent Refrigerator Co.*, 471 S.W.2d 568, 569 (Tex. 1971). We addressed the surveyor's mistake and the timing of the contract's formation. The uncontradicted evidence was that the mutual mistake concerning the acreage the parties wrote in Paragraph 3D came before the parties reached their agreement. We need not repeat that analysis.

To accept the Railroad's argument, we would have to delete Paragraph 3D from the contract. We decline to do so. The Texas Supreme Court has consistently reiterated the importance of construing a contract so as to give meaning to each provision. *Lenape Res. Corp. v. Tenn. Gas Pipeline Co.*, 925 S.W.2d 565, 574 (Tex. 1996); *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). The Railroad's motion for rehearing is overruled.

*Fawcett's Motion to Modify the Judgment*

The parties stipulated in the trial court that the prevailing party would recover reasonable and necessary attorney's fees from the non-prevailing party in the following amounts: (1) $700,000 for services rendered at the trial court level through judgment; (2) $50,000 for services rendered at the court of appeals level; (3) $15,000 for services rendered at the Texas Supreme Court level in the event the non-prevailing party filed a petition for review, the prevailing party filed a response to the petition for review, and the petition for review was denied or refused; and (4) $20,000 for services rendered at the Texas Supreme Court level in the event the non-prevailing party filed a petition for review, the Texas Supreme Court granted review, and the non-prevailing party was ultimately unsuccessful in the Texas Supreme Court. The trial court entered an order recognizing the parties' stipulation. In its judgment, the trial court awarded attorney's fees to Idaho Northern in accordance with the stipulation. The trial court also awarded postjudgment interest on those fees.[1] In our original opinion, we reversed the judgment of the trial court and rendered judgment in favor of Fawcett. Our judgment did not include an award of attorney's fees to Fawcett.

Fawcett has filed a motion to modify in this court requesting us to modify our judgment to award it attorney's fees in accordance with the parties' stipulation. Because the parties stipulated that the prevailing party would recover reasonable and necessary attorney's fees and also stipulated as to the amounts of those fees, we grant Fawcett's motion and modify our judgment to award it the following attorney's fees:

> (1) that Fawcett have and recover from Idaho Northern reasonable and necessary attorney's fees in the sum of $700,000 for services rendered at the trial court level, plus interest at the rate of 5% compounded annually, from March 8, 2007, until paid;
>
> (2) that Fawcett have and recover from Idaho Northern reasonable and necessary attorney's fees in the sum of $50,000 for services rendered at the court of appeals level, plus interest at the rate of 5% compounded annually, from the date of the court of appeals's final judgment until paid;
>
> (3) that, if Idaho Northern files a petition for review in the Texas Supreme Court and Fawcett is required to file a response to the petition, and the petition is denied or

---

[1]Postjudgment interest accrues automatically once a court renders its judgment. *Office of Attorney Gen. of Tex. v. Lee*, 92 S.W.3d 526, 528 (Tex. 2002); *see also RAJ Partners, Ltd. v. Darco Constr. Corp.*, 217 S.W.3d 638, 653 (Tex. App.—Amarillo 2006, no pet.) ("[P]ostjudgment interest is mandated by statute.").

3

refused, Fawcett have and recover from Idaho Northern reasonable and necessary attorney's fees in the sum of $15,000, plus interest at the rate of 5% compounded annually, from the date that Idaho Northern's petition for review is denied or refused until paid; and

(4) that, if Idaho Northern files a petition for review and the Texas Supreme Court grants review, and the petition is ultimately unsuccessful, Fawcett have and recover from Idaho Northern reasonable and necessary attorney's fees in the sum of $20,000, plus interest at the rate of 5% compounded annually, from the date of the Texas Supreme Court's final judgment until paid.

The motion for rehearing is overruled. The motion to modify the judgment is granted, and the modified judgment is issued as of this date.


TERRY McCALL

JUSTICE


July 23, 2009

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

4